# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of CPM Holdings, LLC   :
and Clark Property Maintenance, LLC   :
from the decision dated September 2,   :
2022, of the Lower Providence   :
Township Zoning Hearing Board   :
  :
  :   No. 1173 C.D. 2023
  :
Appeal of: CPM Holdings, LLC and   :
Clark Property Maintenance, LLC   :   Argued: November 7, 2024


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                               FILED: December 5, 2024


CPM Holdings, LLC and Clark Property Maintenance, LLC (collectively, Applicant) appeal the September 7, 2023 order of the Court of Common Pleas of Montgomery County (trial court) denying Applicant's appeal from the decision of the Lower Providence Township (Township) Zoning Hearing Board (Board) that denied Applicant's request for variances. We affirm.

## Background

On January 20, 2022, Applicant purchased property situated at 3752 Ridge Pike in the Ridge Pike West zoning district (RPW District) of Lower Providence Township (the Property). The Property faces Ridge Pike and abuts Fox Road to the south. The Property is comprised of a 45,400-square-foot lot with a

residential duplex and garage. The residential duplex houses two long term tenants. On June 3, 2022, Applicant filed an application for variance relief seeking to use the garage and remaining exterior portion of the Property for its landscaping business.[1] The Board held a hearing on Applicant's variance application on July 28, 2022.

At the outset of the hearing, Applicant's counsel noted that the proceedings were a "bit unusual" as Applicant was before the Board for a variance but maintains the belief that its landscaping business is a use permitted by right in the RPW District. Reproduced Record (R.R.) at 218a. Jesse Clark, sole owner of CPM Holdings and Clark Property Maintenance, testified in support of the application. Mr. Clark explained that he intends to continue to use the existing duplex for the long-term residential tenants and use the garage and remaining portion of the Property to store equipment for his landscaping business. R.R. at 231a-32a. He stated that he runs the business-side of his landscaping company (along with a separate residential contracting company) out of a property located on Evansburg Road and intends to use this Property solely to store his trucks, trailers, and equipment for his employees to retrieve during working season. Mr. Clark testified

---

[1] Before Applicant applied for variance relief with the Board, the Township filed a complaint in equity and petition for preliminary injunctive relief in the trial court to enjoin Applicant's use of the Property as a contracting or landscaping company. Reproduced Record (R.R.) 11a-16a. On May 4, 2022, the trial court issued an "Agreed Order" wherein Applicant agreed to suspend the operation of any business other than a multi-family rental upon the property pending its application for, and approval of, a variance with the Board. *Id.* at 18a. The instant application followed, and Applicant sought variance relief under the following provisions of the Township's Zoning Ordinance (Ordinance): (1) Section 143-77(A)(1) for a multi-family residential use within 300 feet of Ridge Pike (existing nonconforming); (2) Section 143-77(A)(2) for a nonresidential use within and without a building; (3) Section 143-77(A)(a) for a landscaping business classified as a permitted retail store under Section 143-6.2 of the Ordinance; and (4) Section 143-77(A)(t) for a mixed use lot of combination by right residential and commercial within and without buildings, parking and storage of permitted commercial use within fenced area and within garage. *See* Applicant's Zoning Application at 4; R.R. 42a.

that in season, he has approximately 20 landscaping employees. He described that on a typical day, those employees would arrive at the Property to retrieve their trucks around 7:00 a.m., and return with them anytime between 1:00 p.m. and 5:00 p.m. He intends to store weedwhackers, chain saws, generator, hedge trimmers, vans, a skid loader, a mini excavator, a backhoe, trucks, trailers, snowplows, and mowers on the Property year round. He clarified that no landscaping materials would be sold from the Property, and it would be used exclusively for storage and a pick-up and drop-off point for his employees.

Neighboring property owners Adam Supplee, Shirley Spear, Thomas F. Mincavage, Moaman Sakr, and Kelly Cauley (collectively, Neighbors) reside on Fox Road, which abuts the Property to the south, and testified in opposition to Applicant's variance request. Neighbors each voiced concern for the affect Applicant's proposed use would have on the Fox Road area. Fox Road is a narrow dead-end street without sidewalks. It is safe and quiet, and has little traffic. There is a school bus stop at the corner of Ridge Pike and Fox Road where small children access transportation to and from school. Neighbors believe Applicant's proposed use of the property would cause risk to the area because of the increased traffic volume caused by Applicant's employees' ingress and egress from Fox Road.

At the close of the hearing, the Board unanimously voted to deny Applicant's variance application. In its subsequent decision,[2] the Board addressed Applicant's argument that its use of the Property for a landscaping business was permitted by right under the Township's Zoning Ordinance (Ordinance). The Board stated:

---

[2] The Board's decision appears at pages 21a-35a of the Reproduced Record.

Applicant argues that the proposed use of the [P]roperty is permitted by right under the Ordinance based on reading Sections 143-77(2)(a) and 143-6.2(AA). However, it is clear from the testimony that [Applicant] does not intend to use the property as a landscaping business but intends to use the property to store commercial landscaping equipment. The Ordinance states that "a contractor's storage yard and offices for building trades such as but not limited to: landscaping . . ." is considered a "Trade" and not a retail store. Ordinance Section 143-6.2(QQ). Such use is not permitted by right in the RPW [D]istrict.

The facts of this case are clear in distinguishing the operation of a retail landscaping business and the proposed storage operation. Here, Applicant intends to store weedwhackers, chain saws, a generator, hedge trimmers, vans, a skid loader, a mini excavator, a backhoe, trucks, trailers, snowplows, and mowers. [Mr. Clark] stated that there will be no business operated on this site. It will be used exclusively for storage, cleaning, and maintenance. Applicant does not intend to transact business or make any sales on the [P]roperty. All the business-related work will be conducted at a different location, and employees will only appear on site to pick up their work vehicles for the day. Therefore, the operation is a landscaping storage area and not a landscaping/tree nursery retail store. Due to this, Applicant is not permitted to use the facility for the proposed use by right. Thus, to conduct the proposed business on the property, Applicant has the burden to show that it is entitled to a variance.

Board's Decision at 12; R.R. 32a. The Board went on to conclude that Applicant was not entitled to variance relief because it failed to present evidence to establish that an unnecessary hardship exists, and that the proposed use would not alter the essential character of the neighborhood or be detrimental to the public welfare. *Id.* at 13; R.R. 33a.

Applicant appealed the Board's decision to the trial court, abandoning its request for variance relief and instead advancing its argument that the Ordinance

4

permits a landscaping business with more than three employees by right in the RPW District for properties fronting Ridge Pike. The trial court heard oral argument on September 6, 2023, and on September 7, 2023, affirmed the Board's decision. Applicant appealed the trial court's decision to this Court.

## Issue

On appeal,[3] Applicant argues that the trial court and Board abused their discretion and committed an error of law in finding that Applicant's landscaping business with more than three employees was not a use permitted by right in the RPW District for properties fronting Ridge Pike.

## Township's Ordinance

We begin with a discussion of the Township's Zoning Ordinance.[4] Article XIII governs the RPW District. Section 143-77.A sets forth various uses permitted by right in the RPW District. Subsection (2) specifically sets forth uses permitted by right for property with frontage along Ridge Pike. It provides, in relevant part:

> On lots with frontage along Ridge Pike or Germantown Pike, the following nonresidential uses are permitted individually or combined with a building.
>
> (a) *Retail store*, including baked goods store, bookstore, children's and infant's clothing store, clothing accessories

---

[3] Where, as here, a trial court does not take additional evidence in disposing of a zoning appeal, our review is limited to determining whether a zoning hearing board abused its discretion or erred as a matter of law. *425 Prop. Ass'n of Alpha Chi Rho, Inc. v. State College Borough Zoning Hr'g Bd.*, 223 A.3d 300, 306 n.3 (Pa. Cmwlth. 2019). A zoning hearing board abuses its discretion where it issues findings of fact not supported by substantial evidence in the record. *In re Bartkowski Inv. Grp., Inc.*, 106 A.3d 230, 237-38 (Pa. Cmwlth. 2014).

[4] The Ordinance is electronically accessible at https://ecode360.com/6205724#6205724 (last visited Dec. 3, 2024).

5

store, convenience store, meat and seafood market and butcher shop, produce shop, and specialized retail store.

Ordinance § 143-77.A(2)(a) (emphasis added). The Ordinance contains the following definitions:

(AA) Plant Nursery or Landscaping Business: The indoor and/or outdoor raising of trees, plants, shrubs, or flowers for sale and storage of landscaping equipment, but not primarily including commercial forestry for lumber. A plant nursery may include the growth of trees for sale for interior decoration of homes, such as a Christmas tree farm. A plant nursery or landscaping business with more than three employees shall be considered a retail store use.

(FF) Retail Store: A use in which merchandise is sold or rented to the general public but does not include the following: sales of motor vehicles or boats, adult movie theater, adult bookstore, manufacturing, tavern, car wash, auto service station, auto repair garage, convenience store, restaurant, or other separately defined uses.

(QQ) Trades: A contractor's storage yard and offices for building trades, such as but not limited to: landscaping, plumbing, electrical work, building construction, building remodeling, woodworking, and roofing.

Ordinance § 143-6.2 (Commercial Use) (AA), (FF), (QQ). With these provisions in mind, we turn to Applicant's appeal.

## Parties' Arguments

Applicant argues that the Ordinance defines a landscaping business with more than three employees as a retail store use, s*ee* Ordinance § 143-6.2 (Commercial Use)(AA), which is a use permitted by right in the RPW District for properties with frontage on Ridge Pike. Ordinance § 143-77.A(2)(a). Applicant highlights that under the Ordinance, the word "shall" is mandatory. *See* Section 143-6(A)(7) ("The word 'may' is permissive, and the words 'shall' and 'will' are always

6

mandatory."). Thus, the Ordinance requires a landscaping business with three or more employees to be considered a retail store. Despite this plain reading and application of the Ordinance, Applicant argues that the Board and trial court engaged in a red herring argument that led to the mischaracterization of his landscaping business as a "Trade" under the Ordinance. *See id.* § 143-6.2 (Commercial Use) (QQ). Applicant submits this characterization constitutes an error of law and abuse of discretion. While conceding the term "Trades" is defined to include, *inter alia*, "a contractor's storage yard and offices for building trades, such as [] landscaping," Applicant maintains that definition is not relevant here. *Id.*

Applicant submits that there is no factual dispute that it is operating a landscaping business with more than three employees, but nevertheless the Board and trial court improperly pieced together provisions of the Township Ordinance in an attempt to deny its by-right use based solely on emotional concerns about the impact such use may have on the area. It argues these emotional concerns are misplaced because classifying a landscaping business with more than three employees as a retail store is mandatory under the Ordinance.

Applicant also submits that the Board and trial court erred in interpreting and applying the definition of "trades" here. Citing subsection (EE) of the Accessory Uses definitions (trades business), it maintains that the Ordinance functions to protect tradespeople in all zoning districts that operate a trades business out of homes on at least three acres.[5] *See* Ordinance § 143-6.2 (Accessory Use)(EE).

---

[5] The definition of trades business referenced by Applicant falls within the definitions of an accessory use, which is "[a] use which is subordinate, accessory, incidental, and customarily associated with the principal use permitted in the applicable zoning district." A "trades business" is defined as

**(Footnote continued on next page…)**

7

The Township responds that Applicant's interpretation of the Ordinance is plainly wrong. The Township submits that the Ordinance provides a clear and obvious definition of a "retail store" use. As both the Ordinance and common sense dictate, a retail store is a place "in which merchandise is sold or rented to the general public." Ordinance § 143-6.2 (Commercial Use)(FF). The Township submits that the Ordinance's definition of plant nursery or landscaping business overlaps with retail store when the former functions as "[t]he indoor and/or outdoor raising of trees, plants, shrubs, or flowers *for sale and* storage of landscaping equipment." *Id.* § 143-6.2 (Commercial Use)(AA). While Applicant insists that it is operating a landscaping business on the Property, its proposed use simply does not fit within the Ordinance's definition. During his testimony, Mr. Clark made clear that he is not selling anything on the Property, does not have customers come to the Property, and does not conduct business on the Property.

The Township asserts that as the Board found, Applicant's self-described landscaping business is more accurately characterized as a commercial trades use. No meaningful business activity occurs on the Property aside from the storage of Applicant's landscaping equipment and machinery. The Township submits that under a sensible reading of the Ordinance, such use qualifies as a

> a home occupation which uses a residence as the base of operation for a craftsperson or tradesperson, but not including the conducting of any phase of the craft or trade on the property, other than administrative activities. Applicable crafts and trades include but are not limited to: electrician, plumber, carpenter, mason, painter, roofer, and similar occupations.

Ordinance § 143-6.2 (Accessory Use)(EE). The definition further requires that the use shall only be established in conjunction with a single-family detached dwelling with a minimum lot area of three acres. *Id.* Applicant does not argue that its proposed use is a trades business under the accessory use definitions.

8

contractor's storage yard. Ordinance § 143-6.2 (Commercial Use)(QQ). This use is not permitted by right in the RPW District.

The Board joins the Township's brief in full and re-emphasizes that Applicant's proposed use is not permitted by right in the RPW District. The Board highlights that Applicant's argument relies solely on the final sentence of the definition of "Plant Nursery or Landscaping Business" in the Ordinance. *See* Ordinance § 143-6.2 (Commercial Use)(AA). Applicant wholly ignores the definition's leading sentence, which couples together the "raising of trees, plants, shrubs, or flowers for sale" with the "storage of landscaping equipment." *Id.* Notably, these clauses are joined with an "and" – not an "or." Thus, they are conjunctive, and sales are required to meet the definition. The Board submits that Applicant is merely cherry picking portions of the definition in an attempt to utilize the property as it desires, but such use does not comport with the plain meaning of the Ordinance.

Like the Township, the Board reiterates that Applicant's proposed use fits fully within the definition of a trade use, which requires variance approval in the RPW District. The Board notes that Applicant did not appeal the portion of the Board's decision in which it concluded that Applicant failed to establish the necessary requirements for variance relief.

**Discussion**

The crux of this case comes down to one question: What category is Applicant's proposed use under the Ordinance? This Court has explained that the interpretation of a zoning ordinance presents a question of law. *Northampton Area Sch. Dist. v. Zoning Hr'g Bd. of Twp. of Lehigh*, 64 A.3d 1152, 1157 (Pa. Cmwlth. 2013). Moreover, whether an individual's use of his property falls within a specific

category of a zoning ordinance also presents a question of law. *Alessi v. Millcreek Twp. Zoning Hr'g Bd.*, 814 A.2d 278, 282 n.5 (Pa. Cmwlth. 2002). Thus, our standard of review is *de novo*, and our scope of review is plenary. *City of Clairton v. Zoning Hr'g Bd. of City of Clairton*, 246 A.3d 890, 897 n.8 (Pa. Cmwlth. 2021) (citations omitted).

As articulated above, Applicant vigorously maintains that its proposed use is a landscaping business as defined in Section 143-6.2 (Commercial Use)(AA) of the Ordinance. The Township and the Board disagree, finding that Applicant's self-described proposed use of the Property for storage of its landscaping equipment is actually better characterized as a "trade" under the Ordinance, which is not permitted by right in the RPW District. In our view, the Township and the Board's characterization of Applicant's proposed use is most accurate. While Applicant's business certainly provides landscaping services, we agree with the Board that Applicant ignores the first part of the definition on which it relies. The Ordinance defines a plant nursery and landscaping business together as "[t]he indoor and/or outdoor raising of trees, plants, shrubs, or flowers for sale and storage of landscaping equipment. . . ." Ordinance § 143-6.2 (Commercial Use)(AA). Reading the definition in full, it is clear that it contemplates the sale of landscaping materials in conjunction with the storage of landscaping equipment. This interpretation is also consistent with the concept of a retail store, as defined, which contemplates the sale of merchandise. *Id.* § 143-6.2 (Commercial Use)(FF). Here, Mr. Clark's testimony reflects that no growing of landscaping materials or sales thereof will occur on the Property, but it will be used for "basically storage." R.R. 268a.

Like the Board and the trial court, we agree that Applicant's proposed commercial use is most accurately categorized as a trades use, which is not permitted

10

by right in the RPW District. Indeed, the definition of trades specifically contemplates storage yards for landscaping equipment. Ordinance § 143-6.2 (Commercial Use)(QQ). Despite Applicant's desired characterization, we conclude that the trial court and Board did not err as a matter of law or abuse their discretion in concluding that Applicant's proposed use falls outside of the Ordinance's definition of "plant nursery or landscaping business."

## Conclusion

For the reasons articulated above, the trial court's order is affirmed.

_____
MATTHEW S. WOLF, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Appeal of CPM Holdings, LLC   :
and Clark Property Maintenance, LLC   :
from the decision dated September 2,   :
2022, of the Lower Providence   :
Township Zoning Hearing Board   :
  :
  :    No. 1173 C.D. 2023
  :
Appeal of: CPM Holdings, LLC and   :
Clark Property Maintenance, LLC   :

# O R D E R

AND NOW, this 5th day of December 2024, the September 7, 2023 order of the Court of Common Pleas of Montgomery County is AFFIRMED.

_____
MATTHEW S. WOLF, Judge